*1090
 
 Opinion
 

 THE COURT.
 
 *
 

 On November 6, 1997, this court issued its “Notice of Intention to Grant Peremptory Writ in the First Instance.”
 

 Real parties in interest did not file opposition.
 

 After review of the petition and the record we grant the peremptory writ and direct respondent to vacate its order which extends family reunification services to 21 months after the dispositional hearing and compels the Department of Children and Family Services (the Department) either to pay round-trip airfare to or from Georgia for monthly visitations with the minor.
 

 Facts.
 

 The material facts are simple and not in dispute.
 

 The minor was declared a dependent ward of the juvenile court on April 22,1996, upon a finding of sexual molestation by the father only. The minor was placed with his mother, with monitored visitation allowed by the father.
 

 The father made only a few sporadic efforts to visit the minor while the minor resided with the mother during the first nine months of the reunification plan. The father refused to participate in any sexual abuse or parenting classes, which were ordered by the court as part of the family reunification plan, until his criminal conviction of child molestation was affirmed on appeal.
 

 In January 1997 the mother died of cancer and the minor was immediately placed with his maternal aunt, whom the mother had requested the court to appoint as foster parent. The Department obtained approval under the Interstate Compact on Placement of Children to place the minor with the aunt, who then resided in Colorado. The father did not attempt any visitation after the minor was placed with the aunt.
 

 In June 1997, due to her job requirements, the aunt moved to Georgia with the minor. The father did not seek any visitation with the minor.
 

 The Department set a “change of circumstances” hearing (Welf. & Inst. Code, § 388) for June 1997 due to the aunt’s change of residence.
 

 On July 10, 1997 the court held a combined hearing on the Department’s Welfare and Institutions Code section 387 motion and the 12-month review
 
 *1091
 
 (which was set for the 15th month rather than the 12th month after removal of the minor from the father’s custody).
 

 At the July 10,1997, hearing, the father represented that he had within the last two months enrolled in sexual abuse and parenting classes. The father contended that he had been denied adequate reunification services because his visitation had been thwarted by removal of the minor from California upon the mother’s death in the ninth month of reunification services. He requested regular visitation with the minor and complained that he could not afford travel expenses to and from Georgia to avail himself of his visitation rights.
 

 The court ordered the family reunification services extended an additional six months (extending the reunification period to the twenty-first month) and ordered the Department to pay the father’s round-trip airfare for monthly visitations in Georgia or, alternatively, pay airfare for the minor to visit the father in California each month.
 

 At the hearing the Department contended that the six-month extension of reunification services was not feasible because at least some of the programs father was required to complete within the reunification period are one-year programs. The father offered no evidence that he could complete the required programs within six months.
 

 Upon the filing of the Department’s petition for mandate and request for immediate stay, this court issued a temporary stay of respondent’s orders and requested preparation of the pertinent reporter’s transcripts.
 

 Discussion.
 

 1.
 
 Extension of family reunification services beyond the 18th month.
 

 The order extending the family reunification period beyond the 18th month was an abuse of discretion and an act in excess of the dependency court’s jurisdiction as limited by statute.
 

 Welfare and Institutions Code section 361.5, subdivision (a) provides that, in general, family reunification services for a minor older than three years at the time of removal from parental custody shall not exceed twelve months. “However, court-ordered services may be extended
 
 up to a maximum time period not to exceed 18 months
 
 if it can be shown that the objectives of the service plan can be achieved within the extended time period. The court shall extend the time period only if it finds that there is a substantial
 
 *1092
 
 probability that the minor will be returned to the physical custody of his or her parent . . . within the extended time period or that reasonable services have not been provided to the parent. . . . Physical custody of the minor by the parents . . . during the 18-month period shall not serve to interrupt the running of the period.” (Italics added.)
 

 Welfare and Institutions Code section 366.21, subdivision (f), states, “The failure of the parent or guardian to participate regularly in court-ordered treatment programs shall be prima facie evidence that the return [to the parent] would be detrimental.”
 

 Welfare and Institutions Code section 366.21, subdivision (g) provides that if the minor is not ordered returned to the parents within the time period provided in subdivision (a) of section 361.5, the dependency court may “(1) Continue the case for up to six months for another review hearing, provided that
 
 the hearing shall occur within 18 months of the date the minor was originally taken from the physical custody of his or her parents
 
 . . . .” (Italics added.) The other option provided at such time is to commence proceedings for termination of parental rights and permanency planning. (Welf. & Inst. Code, § 366.21, subd. (g)(2) & (3).)
 

 Welfare and Institutions Code section 366.22 requires the dependency court at an 18-month review hearing to either return the minor to the physical custody of the parents or commence proceedings to terminate parental rights and adopt a permanent placement plan.
 

 These statutes make clear that respondent’s order extending reunification services for an additional hearing 21 months after initial removal of the minor from the father’s custody exceeded the court’s jurisdiction. The order was also an abuse of discretion because the father made no showing that he could complete the required treatment programs within the six-month extension period.
 

 The father’s claim he was denied the opportunity for visitation after the minor was placed with the maternal aunt is not supported by the record. Up until the death of the mother, the father had demonstrated no regular or serious effort to visit the minor. The record reveals that the father did not make such efforts after the minor was placed with the aunt until the delayed 12-month review hearing had been set for the 14th month. During all this time the father had the ability to contact his appointed trial counsel and seek visitation from the time the mother died, but he did not do so. It was not the Department’s responsibility to “take the parent by the hand” to ensure he maintained regular visitation. A noncustodial parent may not refuse to participate in reunification treatment programs until the final reunification
 
 *1093
 
 review hearing has been set and then demand an extension of the reunification period to complete the required programs.
 
 (In re Christina S.
 
 (1992) 3 Cal.App.4th 404, 414 [4 Cal.Rptr.2d 680];
 
 In re Michael S.
 
 (1987) 188 Cal.App.3d 1448, 1463, fn. 5 [234 Cal.Rptr. 84];
 
 In re Heather B.
 
 (1992) 9 Cal.App.4th 535, 563 [11 Cal.Rptr.2d 891].) Neither may a parent wait silently by until the final reunification review hearing to seek an extended reunification period based on a perceived inadequacy in the reunification services occurring long before that hearing.
 
 (In re Christina L., supra,
 
 3 Cal.App.4th 404, 415-416.)
 

 2.
 
 Payment of travel fares for visitation.
 

 Although the order directing the Department to pay the father’s round-trip air fare for visitation in Georgia is rendered moot by our determination that the underlying extension of the reunification period was in excess of jurisdiction and an abuse of discretion, we find no authority for the juvenile court to order the Department to pay such expenses.
 

 Disposition.
 

 Let a peremptory writ of mandate issue directing respondent to vacate its orders of July 10, 1997, which extended the reunification services beyond the 18th month and compelled the Department to pay airfare for monthly visitations, and to proceed according to law under Welfare and Institutions Code section 366.26.
 

 This court’s temporary stay order shall remain in effect until respondent complies with the direction of the peremptory writ.
 

 *
 

 Before Vogel (C. S.), P. J., Epstein, J., and Hastings, J.